```
1   Larry W. McFarland (Bar No. 129668)
    E-Mail: lmcfarland@kmwlaw.com
2   Dennis Wilson (Bar No. 155407)
    E-Mail: dwilson@kmwlaw.com
3   David K. Caplan (Bar No. 181174)
    E-Mail: dcaplan@kmwlaw.com
4   Christopher T. Varas (Bar No. 257080)
    E-Mail: cvaras@kmwlaw.com
5   KEATS McFARLAND & WILSON LLP
    9720 Wilshire Boulevard
6   Penthouse Suite
    Beverly Hills, California 90212
7   Telephone: (310) 248-3830
    Facsimile: (310) 860-0363
8
    Attorneys for Plaintiff
9   ZYNGA GAME NETWORK INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ZYNGA GAME NETWORK INC.,<br><br>Plaintiff,<br><br>v.<br><br>LINDA GREENE; NATHAN WIPF; CHADWICK MARTIN; SHADI ABDULSALAM; MICHAEL RUTHERFORD, A/K/A KEREM AZER; ALEXANDRU MIHALACHE; CELINO STOIAN; VICTOR GHENADI; LUCIAN IONESCU; ANDRZEJ KOPJAS, A/K/A PAUL GYONGYOSI,<br><br>Defendants. | **CASE NO. CV-09: 2744 SI**<br><br>**[PROPOSED] DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL RUTHERFORD A/K/A KEREM AZER** |
|---|---|

Plaintiff Zynga Game Network, Inc. ("Zynga"), having filed a Complaint in this action charging defendant Michael Rutherford a/k/a Kerem Azer ("Defendant Azer"), and other defendants, with Federal Trademark Infringement, Federal Cybersquatting, State Statutory Unfair Competition, State Common Law Trademark Infringement and Unfair Competition, Breach of Contract and Intentional Interference with Contractual Relations, and the Court having found good cause, it is hereby

**ORDERED, ADJUDGED AND DECREED** as between Zynga and Defendant Azer:

1. This Court has jurisdiction over the Parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116, 1121 and 1125, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a). Service was properly made against Defendant Azer.

2. Zynga owns the trademark and service mark ZYNGA (the "ZYNGA Mark") and has used the Zynga Mark in commerce since June 2007.

3. The ZYNGA Mark is inherently distinctive and by virtue of Zynga's extensive advertising and sales under the ZYNGA Mark, has become well-known within social gaming circles as a source identifier for Zynga's online games.

4. Zynga is the owner of United States Federal Trademark Registration No. 3,685,749 for the mark ZYNGA in International Classes 9 and 41 for downloadable computer game software for use on wireless devices and computers.

5. Zynga is the publisher of Zynga Poker (the "Game"), a computerized version of the world-famous poker game in which players compete with one another using virtual "chips."

6. Zynga's Terms of Service, which govern users' play of the Game, provide that the "chips" used in the Game are not redeemable for any sum of "real world" money or monetary value. The Terms of Service also prohibit the sale of "chips" "for 'real world' money" and prohibit the use of the Game for unacceptable purposes, including activity in "conflict with the spirit or intent of" the Game. Zynga has not authorized any third party to sell or distribute the "chips" used in the Game.

7.     Defendant Azer assented to and is bound by the Terms of Service governing use of the Game, which are located at http://www.zynga.com/legal/terms_of_service.php.

8.     Defendant Azer has owned and operated websites through which he has unlawfully sold and offered for sale "chips" for use in the Game, and has wrongfully used the ZYNGA Mark to advertise and sell these unauthorized "chips". Defendant Azer has operated these websites from the following Internet domain names: BUYCHIPSNOW.COM and FACEBOOKPOKERSTORE.COM.

9.     Defendant Azer has willfully and maliciously violated Zynga's intellectual property, contractual, and other rights, and Defendant Azer is liable for trademark infringement pursuant to 15 U.S.C. § 1125(a); violation of Cal. Bus. & Prof. Code § 17200; California common law trademark infringement; common law passing off and unfair competition; breach of contract; and intentional interference with contractual relations.

10.    Defendant Azer and his affiliates, agents, servants, employees, representatives, successors, assigns, and any person, corporation or other entity acting under Defendant Azer's direction or control, or in active concert or participation with Defendant Azer, are immediately and permanently enjoined throughout the world from:

   a.     Directly or indirectly using the ZYNGA trademark and any other mark, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of or that is confusingly similar to, or that is identical with, or substantially indistinguishable from, the ZYNGA mark on or in connection with any goods or services;

   b.     Infringing any of Zynga's intellectual property rights in any manner, including but not limited to the ZYNGA Mark, any copyrights owned by Zynga, or any other rights owned by Zynga related to the Game;

   c.     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant Azer's customers and/or members of the public to believe that, the actions of Defendant Azer are connected with Zynga, are sponsored, approved, or licensed by Zynga, or are in any way connected or affiliated with Zynga;

      d.      Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of, or authorized by, Zynga;

      e.      Registering any Internet domain name that includes the ZYNGA Mark, or any variations or misspellings thereof, whether alone or in combination with any other term(s) or character(s);

      f.      Accessing, directly or indirectly, any computer server or computer system owned, leased or operated by Zynga for any reason whatsoever, including without limitation any server or computer that provides access to the Game, or to any other game or application published by Zynga;

      g.      Advertising, purchasing, selling, trading, exchanging, profiting from, accepting or processing payments for, or facilitating or participating in any way in the advertisement, purchase, sale, trade, or exchange of "chips" for use in the Game or any virtual item used in any Zynga game or application;

      h.      Participating in any way in the display of online "sponsored links" or any other form of pay-per-click or pay-per-impression advertising related to "chips" for use in the Game or any other virtual item used in any Zynga game or application, including but not limited to causing hyperlinks and other advertising materials to be displayed in response to searches for "zynga", or searches for any of Zynga's games or applications;

      i.      Otherwise competing unfairly with Zynga in any manner; and

      j.      Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(i) above.

1    11.    The Internet registrar(s) through which the domain names BUYCHIPSNOW.COM
2 and FACEBOOKPOKERSTORE.COM are registered are hereby ORDERED to transfer ownership
3 of these domain names to Zynga.

4    12.    Defendant Azer is hereby ORDERED to account for and to disgorge all profits from
5 his sale of "chips" for use in the Game.

6    13.    The Court finds that this is an exceptional case warranting an award of attorneys' fees
7 and costs, and will consider a motion for an award of attorneys' fees and a bill of costs submitted by
8 Plaintiff pursuant to Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.

9    14.    This Court retains jurisdiction of this matter for the purposes of making any further
10 orders necessary or proper for the enforcement of this Judgment and the punishment of any
11 violations thereof.

12    15.    This Judgment shall be deemed to have been served upon Defendant Azer at the time
13 of its execution by the Court.

14    16.    The Court expressly determines that there is no just reason for delay in entering this
15 Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry
16 of judgment against Defendant Azer.

17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

1   17. This Judgment is a final judgment, entered against Defendant Azer pursuant to
2  Federal Rule of Civil Procedure 54(b). This Judgment is not and shall not be deemed to be a
3  judgment as to any of Zynga's claims against any defendants in this litigation other than Defendant
4  Azer.

Dated ____4/26/10_____, 2010               _____
                                                  The Honorable Susan Illston
                                                  United States District Court Judge

Presented by:

LARRY W. McFARLAND
DENNIS L. WILSON
DAVID K. CAPLAN
CHRISTOPHER T. VARAS
KEATS McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830


_____
Christopher T. Varas
Attorneys for Plaintiff
Zynga Game Network, Inc.

- 5 -

CASE NO. CV-09: 2744 SI
[PROPOSED] DEFAULT JUDGMENT
AGAINST DEFENDANT MICHAEL
RUTHERFORD A/K/A KEREM AZER